IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| State of South Carolina, | C/A No. 7:17-1982-JMC-JDA |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Darryl Gregory Gray, Jr., | *for sua sponte remand to state court* |
| Defendant. | |

Darryl Gregory Gray, Jr. ("Gray"), proceeding pro se, has purported to remove a state court case to this Court. Gray appears to be a non-prisoner, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. This case is subject to *sua sponte* remand.

## BACKGROUND

This is a civil action that a pro se litigant, Gray, has purported to remove from the Pacolet Municipal Court in Pacolet, South Carolina. [Docs. 1, 1-1.] It appears that Gray is removing Case Number 4102P0402554, *State of South Carolina v. Darryl Gregory Gray, Jr.*, which is a criminal prosecution, or a traffic ticket, for simple possession of marijuana. [Doc. 1-1 at 3.] Gray contends that South Carolina is represented in state court by Officer Sherman.[1] [Doc. 1-1 at 2.] The traffic ticket seems to provide that Gray was to appear in Pacolet City court in Pacolet, South Carolina on 05-25-17 for the trial date.[2] [Doc. 1-1 at 3.]

The Complaint for Removal alleges that Gray is a private American National state citizen "who privately resides in a privately domicile outside of Federal District in a non-military private estate located outside of a Federal District not subject to the jurisdiction of

---

[1]In this Court, no attorney or party has appeared on behalf of the State of South Carolina.

[2]Plaintiff does not explain the result, if any, of the trial.

the 'United States'." [Doc. 1.] Gray alleges that he removes the case from the Pacolet Municipal Court "for a Right to Review pursuant to Title 5 USC subsection 702" because that state court is "an administrative court that has injured and or in the process of injuring me." [*Id.*]

    Gray contends that the federal questions that support the removal are:

> 1. Can a corporation/or entity sue an American National State Citizen (living being)?
> 2. Are the Orders of an Administrative Court enforceable?
> 3. Is Title 22 USC 611 and 612 still applicable in the United States?
> 4. Does a Court have subject matter jurisdiction when the party that it is suing does not have the authority to sue? "right standing to sue"

[*Id.*] Gray further contends that the Pacolet Municipal Court is an administrative court under the corporation State of South Carolina, and it does not have judicial power to enforce its orders and judgments. [*Id.*] Gray alleges, therefore, because the Pacolet Municipal Court is an administrative court that this federal Court has the right to review it under 5 U.S.C. § 702. [*Id.*]

    Gray alleges that Officer Sherman is a foreign agent pursuant to 22 U.S.C. § 612, and the State of South Carolina is a foreign corporation pursuant to 22 U.S.C. § 611. [*Id.*]

    For his relief, Plaintiff seeks a declaratory judgment that he is "an American National State Citizen" and injunctive relief "to stop any further action against me. Compel the plaintiff(s) to void all ticket(s) and expunge this case from my record." [*Id.*]

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review the Complaint (or here Complaint for Removal) for relief and submit findings and recommendations to the District Court. Gray filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

As a pro se litigant, Gray's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading is subject to *sua sponte* remand. *See Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 198–99 (4th Cir. 2008); *see also* 28 U.S.C. § 1455(b)(4).

## **DISCUSSION**

Pursuant to 28 U.S.C. § 1455(a), a defendant desiring to remove any criminal prosecution from a state court shall file a signed Notice of Removal "containing a short and plain statement of the grounds for removal" together with a copy of all process, pleadings, and orders served upon such defendant in such action. *Id.* After promptly examining the Notice of Removal, this Court shall make an order for summary remand if "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted." 28 U.S.C. § 1455(b)(4). "Removal may be permitted in certain civil rights

3

cases, *see* 28 U.S.C. § 1443, or where the defendant is acting in his capacity as an officer of the United States, *see* 28 U.S.C. § 1442(a), or as a member of the armed forces of the United States, *see* 28 U.S.C. § 1442a." *Maryland v. Kadari Ghazi-El*, 2016 WL 2736183, at *1 (D.Md. May 11, 2016) (citation omitted); *see also Commonwealth of Virginia v. El*, C/A No. 3:15cv718. 2016 WL 3746376, at *2–4 (E.D.Va. July 12, 2016) (when the removing party fails to make a proper showing that the state criminal court case complies with federal removal statutes the federal court lacks subject matter jurisdiction; and explaining 28 U.S.C. § 1443).

In the instant case, Gray's Notice of Removal that seeks to remove a criminal prosecution, or a traffic ticket, from state court does not appear to set forth a valid ground for removal. Although Gray asserts he is a American National and not subject to orders in the Pacolet Municipal Court, this Court finds that is a frivolous allegation. It appears that Gray resides in Spartanburg, South Carolina, and therefore he is subject to the laws of South Carolina, the United States, and whatever municipality he may wander into (such as Pacolet City). *See, e.g., Maryland v. Kadari Ghazi-El*, 2016 WL 2736183, at *2 (D.Md. May 11, 2016) (there is no exception for members of the Moorish American Nation from the laws of the State of Maryland); *Whitlow v. United States*, 2015 WL 12001280, at *2 (E.D.N.C. May 19, 2015) (an allegation that a person is a "Moorish-American" and not subject to laws of N.C. was frivolous or failed to state a claim).

Moreover, Gray's allegation that 5 U.S.C. § 702, the federal Administrative Procedure Act ("APA"), authorizes this Court to review the Pacolet Municipal Court's orders fails to allege a plausible ground for removal. The APA applies to United States agency action *not* state agency action, and the Pacolet Municipal Court is not a federal agency

4

pursuant to the APA. *See* 5 U.S.C. § 701. Additionally, Gray relies on 22 U.S.C. § 611, but this statute is not applicable; it pertains to foreign relations with other nations and agents of foreign countries. *Id.* And, neither the APA nor 22 U.S.C. § 611 are valid grounds for removal of a state criminal prosecution to this Court. *See, e.g., Reynolds v. South Carolina*, C/A No. 2:17-681-BHH, 2017 WL 1381008, at *2 (D.S.C. April 18, 2017) (noting that in order to remove a criminal prosecution the substantive and procedural grounds under 28 U.S.C. §§ 1442, 1442a and 1455 must be satisfied), *appeal pending*.

Therefore, the federal statutes cited by Gray are not applicable to him, and Gray does not allege a plausible ground for removal.[3] Thus, this case should be *sua sponte* remanded for lack of jurisdiction.[4] *See Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 198–99 (4th Cir. 2008); *see also* 28 U.S.C. § 1455(b)(4).

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court *sua sponte* remand this action to state court without requiring the State of South Carolina to respond to Gray's pleading. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **The pro se litigant's attention is directed to the important notice on the next page.**

---

[3]The Court notes that procedurally a defendant seeking to remove a criminal prosecution generally is required to file the Notice of Removal not later than 30 days after the arraignment in state court, or at any time before trial, whichever is earlier. 28 U.S.C. § 1455(b)(1). In the instant case, Gray does not allege whether he filed the Notice of Removal prior to the trial; and, the traffic ticket seems to indicate a trial date of 05-25-17. Thus, this lawsuit also may be untimely pursuant to 28 U.S.C. § 1455(b)(1).

[4]A remand would be *sua sponte* because the State of South Carolina has not made a notice of appearance in this action and no party has filed a motion to remand.

August 17, 2017  S/Jacquelyn D. Austin
Greenville, South Carolina  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).