# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| State of South Carolina, ) | |
| ) | Civil Action No.: 7:17-cv-01982-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Darryl Gregory Gray, Jr., ) | |
| ) | |
| Defendant. ) | |

This matter is before the court pursuant to Magistrate Judge Jacquelyn D. Austin's Report and Recommendation for *sua sponte* Remand ("Report") (ECF No. 10), filed on August 17, 2017, recommending that the case be remanded to state court. Darryl Gregory Gray, Jr. ("Defendant"), proceeding *pro se*, filed no objections. (ECF No. 10.) For the reasons set forth below, the court **ADOPTS** the Magistrate Judge's Report and Recommendation to *sua sponte* **REMAND** this action to state court without requiring the State of South Carolina to respond to Defendant's pleading.

## I. PROCEDURAL BACKGROUND

On July 26, 2017, Defendant filed a Notice of Removal (ECF No.1) for a case involving criminal prosecution, or a traffic ticket, for simple possession of marijuana. (ECF No. 1-1 at 3.) In the Notice of Removal, Defendant contends that South Carolina is represented in state court by Officer Sherman.[1] Defendant alleges removal of the action "for a Right to Review pursuant to" 5 U.S.C. § 702 because state court is "an administrative court that has injured and or [*sic*] in the process of injuring me." (*Id*.) The federal questions that Defendant alleges in his removal are:

---

[1] The Magistrate Judge's Report states that "no attorney or party has appeared on behalf of the State of South Carolina." (ECF No. 10.)

1. Can a corporation/or entity sue an American National state Citizen (living being)?
2. Are the Orders of an Administrative Court enforceable?
3. Is Title 22 USC 611 and 612 still applicable in the United States?
4. Does a Court have subject matter jurisdiction when the party that is suing does not have the authority to sue? "right standing to sue"

(*Id.*) Defendant also claims the court has jurisdiction under diversity citizenship under the theory that his citizenship is one of a "private American National citizen" generally, but not of South Carolina specifically. (*Id.*) The final claim of Defendant is that Officer Sherman is a foreign agent pursuant to 22 U.S.C. § 612 and the State of South Carolina is a foreign corporation pursuant to 22 U.S.C. § 611. (*Id.*)

On August 17, 2017, after considering Defendant's alleged federal questions, the Magistrate Judge issued a Report recommending that this court *sua sponte* remand the case to state court without requiring the State of South Carolina to respond to Defendant's pleading. (ECF No. 10.)

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, and the recommendation has no presumptive weight—the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Any party may remove a state court action to federal district court pursuant to 28 U.S.C. § 1441 where the state action could have been originally filed there. *See Darcongelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 186 (4th Cir. 2002). A case may be originally filed in a federal

district court either under 28 U.S.C. § 1332 for diversity of citizenship and an amount in controversy greater than $75,000.00 or under 28 U.S.C. § 1331 where it arises under a federal question. A federal court should remand the case to state court where no federal subject matter jurisdiction is evident from the face of the Notice of Removal or any state court pleadings provided. *Ellenburg v. Spartan Motor Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). Courts of this circuit have held that removal statutes favor remand where possible and are construed against removal jurisdiction. *See, e.g., Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990); *Bellone v. Roxbury Homes, Inc.*, 748 F. Supp. 434, 436 (W.D.Va. 1990). Where subject matter jurisdiction is at issue, "courts are obligated to consider *sua sponte* issues." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

### III. ANALYSIS

Defendant was advised of his right to file an objection to the Report "within fourteen (14) days of the date of service of the Report and Recommendation," or by August 31, 2017. (ECF No. 10.) Defendant filed no objections.

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law and does not contain clear error. The court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 10). It is therefore **ORDERED** that this action (ECF No. 1) be *sua sponte* **REMANDED** to state court without requiring the State of South Carolina to respond to Defendant's pleading.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

October 3, 2017 Columbia,
South Carolina